## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**PATRICIA CLARK,**

    *Plaintiff,*

    v.

**CLARITY SERVICES, INC.,**

    *Defendant.*

Case Number:

**JURY TRIAL DEMANDED**

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, **Patricia Clark** ("**Ms. Clark**"), by and through her attorneys, Seraph Legal, P.A., and complains of the Defendant, **Clarity Services, Inc.** ("**Clarity**"), stating as follows:

## PRELIMINARY STATEMENT

1.  This is an action brought by Ms. Clark against Clarity for violations of the *Fair Credit Reporting Act*, 15 U.S.C. § 1681, *et seq.* ("**FCRA**").

## JURISDICTION AND VENUE

2.  Subject matter jurisdiction arises under the FCRA, 15 U.S.C. § 1681p, and 28 U.S.C. § 1331.

3.  Clarity is subject to the provisions of the FCRA and is subject to the jurisdiction of this Court pursuant to Fed. R. Civ. P. 4(k) and § 48.193, Fla. Stat.

4.     Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. § 1391(b)(2), because the acts complained of were committed and / or caused by Clarity within Hillsborough County, Florida, which is in the Middle District of Florida.

## PARTIES

### Ms. Clark

5.     **Ms. Clark** is a natural person and at all times relevant resided in Riverview, Hillsborough County, Florida.

6.     Ms. Clark is a *Consumer* as defined by the FCRA, 15 U.S.C. § 1681a(c).

### Clarity

7.     **Clarity** is a Delaware corporation with a principal business address of 475 Anton Blvd., Costa Mesa, CA 92626.

8.     Clarity is registered to conduct business in the State of Florida, where its Registered Agent is **CT Corporation System, 1200 South Pine Island Rd., Plantation, FL 33324**.

9.     Clarity is a nationwide *Consumer Reporting Agency* ("CRA") within the meaning of the FCRA, 15 U.S.C. § 1681a(f), in that it, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third

parties, and uses various means of interstate commerce for the purpose of preparing or furnishing consumer reports, specifically including mail, internet, and/or telephone communications.

## FACTUAL ALLEGATIONS

### Clarity Produces Clearly Erroneous Report on Plaintiff

10.    Around December 2021, Clarity began maintaining a credit file on Ms. Clark. **SEE PLAINTIFF'S EXHIBIT A.**

11.    Around March 2024, Clarity incorporated credit information belonging to a separate unrelated consumer into Ms. Clark's credit file.

12.    Clarity falsely associated information apparently belonging to Sharton Fountain, an unrelated individual who appears to live in New Castle, Delaware and who was born in a different year, into its credit file regarding Ms. Clark. *Id.*

13.    Thereafter, Clarity's credit file on Ms. Clark stated her name is Sharton Fountain, and that she is also known as Patricia Clark. *Id.*

14.    Ms. Clark has never used nor applied for credit using the name "Sharton Fountain."

15.    Clarity's credit file on Ms. Clark states she has multiple dates of birth, including one in 1975, that she has a cell phone number with a (302) area code (the

area code for Delaware), and that she uses an email address "SHARTONFOUNTAIN@YAHOO.COM". *Id.*

16.    Ms. Clark has never lived nor claimed to have lived in New Castle, Delaware, she was not born in 1975, and has never used the email address "SHARTONFOUNTAIN@YAHOO.COM".

17.    On information and belief, Clarity's file on Ms. Clark is an example of a *mixed file*.

18.    A *mixed file* is a credit file that contains information concerning two or more persons rather than the one person about whom it should relate.

19.    On information and belief, the *mixed file* resulted from Clarity's reckless and improper methods by which it connects data reported to it by various furnishers and incorporates that data into its files.

20.    In an aggressive attempt to match every record reported, Clarity's automated system often erroneously match information to a consumer's credit file with minimal commonalities.

21.    Indeed, on information and belief, Clarity often matches data with the information in its files based on a single data point, such as the same year of birth, instead of utilizing all of the information provided to it.

22.    These erroneous matches occur even when the data from Clarity's furnishers of information contains substantially different identifying information from that of the actual consumer.

23.    Clarity knows that its automated systems erroneously match tradeline information to incorrect consumers' credit files with minimal commonalities.

24.    Despite such knowledge, Clarity has declined to correct its systems.

**Clarity's File on the Plaintiff Includes Additional Inaccuracies**

25.    In addition to the information highlighted above, Clarity's credit file on Ms. Clark includes a large number of wildly-inaccurate pieces of information.

26.    Clarity's credit file on Ms. Clark indicates she has two different driver's license numbers from two different states; she has only ever had one.

27.    On information and belief, Sharton Fountain's birth date is one of the additional birth dates falsely reported by Clarity as belonging to Ms. Clark, as is the phantom "second" driver's license number.

28.    Clarity, as a CRA, has a legal obligation to use reasonable procedures to assure the maximum possible accuracy of its consumer reports. 15 U.S.C. § 1681e(b).

29.    Despite its obligation, Clarity has sold multiple consumer reports to Ms. Clark's creditors since it first "mixed" Plaintiff's file.

30.    On information and belief, each of these consumer reports contained the information belonging to Sharton Fountain identified herein. ***Id.***

31.    Upon learning that Clarity now believes she is also known by an unrelated stranger's name, which is clearly not her, and whom lives in a city where she has never lived, Ms. Clark became very concerned, as Clarity's reports concerning her contain egregiously wrong information.

32.    One of the products Clarity sells to lenders is called *Clear Digital Identity™*, which it describes as a service that "cross-references application information, phone and email details, and exclusive Clarity data to authenticate consumer identities and detect application fraud . . . . Comparing a consumer's personal information against phone, email and Clarity data helps to validate the legitimacy of an applicant's information and gives lenders a much greater assurance that applicants are who they claim to be. A failure to authenticate some of the data points can indicate fraud." *See* Clarity Services, Inc., https://www.clarityservices.com/solutions/fraud/clear-digital-identity/ (last visited July 22, 2022).

33.    Upon information and belief, the presence of the name "Sharton Fountain" combined with what is presumably Ms. Clark's personal information being incorporated into Ms. Clark's file, resulted in Ms. Clark's credit applications being falsely flagged as potentially fraudulent.

34.    As evidenced by the glaring errors in its reports, Clarity failed to use reasonable procedures in producing the consumer reports regarding Ms. Clark which it sold to many creditors, and potential creditors, as any reasonable procedure would have determined that information about an unrelated individual was mixed with Ms. Clark's data.

35.    Clarity could reasonably foresee that selling reports which contained data belonging to an unrelated individual would cause significant harm to Ms. Clark.

36.    Similarly, Clarity could reasonably foresee that producing credit reports which contain information about another person – especially a person so obviously not the subject of the credit report – would likely cause harm to the consumer for whom the report was created and for others (*e.g.*, Sharton Fountain) whose information was thereby improperly disclosed.

37.    In December of 2025, Ms. Clark requested a consumer credit disclosure from Clarity.

38.    Pursuant to 15 U.S.C. § 1681g(a), upon receipt of Ms. Clark's request, Clarity was required to "clearly and accurately" disclose *all* information in Ms. Clark's file at the time of her request, as well as the *sources of information relied upon*.

39.    A request for a consumer disclosure inherently includes a request for the sources of information relied upon; see *Brauer v. ExamOne World Wide Inc.*, No.

222CV07760MEMFJC, 2023 WL 4695899 (C.D. Cal. July 19, 2023) (stating "… these sources clearly fall within the plain language definition of "file," and should have been provided to Brauer when he requested his file.)

40.     As a CRA, Clarity knows that the FCRA requires it to disclose the sources of information relied upon in compiling the consumer's credit report when providing a consumer disclosure. *Id*.

41.     However, when providing Ms. Clark with her disclosure, Clarity failed to disclose the source(s) of information upon which it relied to determine Ms. Clark was known as (or is) Sharton Fountain or that she lived in New Castle, Delaware.

42.     Clarity similarly failed to disclose the source or sources of information upon which it relied to determine that Ms. Clark had other dates of birth.

43.     A consumer disclosure which claims a consumer in Tampa, Florida, is also known as a consumer in New Castle, Delaware, and without explanation as to how or why this information was determined, is, on its face, neither clear nor complete.

44.     Clarity specifically chose which information to disclose in its consumer report, and therefore acted willfully in preparing a deficient report.  In the alternative, Clarity has acted with gross recklessness and a complete disregard

for the rights of consumers to have accurate and complete reports generated about them and to receive such reports.

45.    On or about March 11, 2024, Simple Fast Loans, Inc., a sub-prime lender, requested a report about Sharton Fountain.

| 3/11/2024 4:26:04 am EDT 543h7dyba2 | Credit Application | Online Installment Loan | Simple Fast Loans, Inc |
| --- | --- | --- | --- |

46.    Simple Fast Loans clearly stated whom it was asking for a report on, providing Sharton Fountain's name, New Castle, Delaware address, Delaware phone number, date of birth, and Social Security number.

47.    In response, Clarity supplied Simple Fast Loans with a report with Ms. Clark's personal and private information.

48.    Clarity had no reasonable basis to believe Simple Fast Loans had asked for a report about Plaintiff or that any other permissible purpose to sell Plaintiff's report to this lender existed, despite a requirement under § 1681b(a)(3) to provide reports only in the event permissible purpose to furnish the report exists.

49.    As a result of Clarity's conduct, Ms. Clark has suffered damage to her credit scores, damage to her reputation and loss of credit.

50.    Clarity frequently sells reports about consumers to online lenders who requested reports on unrelated individuals and has been sued many times in the past for these actions. See, e.g., *Alexander Gil vs. Clarity Services, Inc.*, case 8:23-

cv-00845, M.D. Fla., April 18, 2023 (sale of report of a Florida consumer to online lender requesting report of unrelated Nevada resident); *Donna Ford vs. Clarity Services, Inc.*, case number 4:22-cv-00301-MW-MAF, N.D. Fla., July 2022 (sale of report of a Florida consumer to online lender requesting report of unrelated male Oregon resident as well as an unrelated male Florida resident).

51.     Beyond the mixed file issue, Clarity, a CRA, programs its systems to acquire and report as much information as possible, with little regard to the quality of the data, or if the data could even possibly be true.

52.     This resulted in even more inaccurate information being inserted into Ms. Clark's credit file.

53.     Clarity's system incapable of doing even the most basic of fact checking or flagging of information which contradicts itself. This is showcased time and again throughout Ms. Clark's credit file.

54.     For example, Clarity reported that Ms. Clark's Net Monthly Income was $1,385 and $3,000 within seconds of eachother.

| Net Monthly Income | First Reported (Date/Time/Tracking #) | Last Reported (Date/Time/Tracking #) | # of Times Reported |
|---|---|---|---|
| $1,385.00 | 3/11/2024 4:26:09 am EDT c4rzx41hnh | 3/11/2024 4:26:09 am EDT c4rzx41hnh | 1 |
| $3,000.00 | 3/11/2024 4:26:04 am EDT 543h7dyba2 | 3/11/2024 4:26:04 am EDT 543h7dyba2 | 1 |

55.     As the aforementioned inaccuracies continue to report to Ms. Clark's credit file as of the date of this filing, Ms. Clark hereby demands Clarity investigate the disputed information outlined above and correct her report.

56.     Ms. Clark has also suffered severe emotional distress and has spent time and money to correct her file and force Clarity to comply with its statutory obligations, and in procuring counsel.

57.     Ms. Clark has hired the aforementioned law firm to represent her in this matter and has assigned her right to fees and costs to the firm.

## COUNT I
## WILLFUL VIOLATIONS OF THE FCRA, 15 U.S.C. § 1681e(b)

58.     Ms. Clark adopts and incorporates paragraphs 1 - 57 as if fully stated herein.

59.     Clarity violated **15 U.S.C. § 1681e(b)** when it failed to follow reasonable procedures to assure maximum possible accuracy of consumer reports sold regarding Ms. Clark, as reasonable procedures would not have resulted in Clarity's inclusion of information concerning another individual into Ms. Clark's reports, or the inclusion of other false information information, including false dates of birth, banking information, employment information, and income information.

60.     Clarity's conduct was willful and intentional, or, alternately, was done with a reckless disregard for its duties under the FCRA to provide reports with maximum possible accuracy.

61.     Clarity's policies could reasonably be foreseen to cause harm to Ms. Clark.

62.     Clarity is thus liable to Ms. Clark, pursuant to 15 U.S.C. § 1681n, for the greater of Ms. Clark's actual damages or statutory damages of up to $1,000 for each occurrence, as well as for punitive damages, reasonable attorneys' fees, and costs.

**WHEREFORE,** Ms. Clark respectfully requests this Honorable Court enter judgment in her favor, and against Clarity, for:

a.     The greater of Ms. Clark's actual damages or statutory damages of $1,000 per violation, pursuant to 15 U.S.C. § 1681n(a)(1)(A);

b.     Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3);

c.     Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); and,

d.     Such other relief that this Court deems just and proper.

## COUNT II
## NEGLIGENT VIOLATIONS OF THE FCRA, 15 U.S.C. § 1681e(b)
### (Pled in the Alternative to Count I)

63.     Ms. Clark adopts and incorporates paragraphs 1 - 57 as if fully stated herein and pleads this count strictly in the alternative to Count I.

64.     Clarity failed to follow reasonable procedures to assure maximum possible accuracy of consumer reports sold to regarding Ms. Clark, and such failures could reasonably be seen to cause harm to individuals like Ms. Clark

whose potential lenders and creditors end up receiving inaccurate credit reports on them, causing the consumer to be denied loans or extensions of credit.

65.    Thus, Clarity negligently violated **15 U.S.C. § 1681e(b)** by including information of an unrelated individual in reports sold to Ms. Clark's potential creditors and lenders.

66.    As such, Ms. Clark is entitled to her actual damages.

**WHEREFORE,** Ms. Clark respectfully requests this Honorable Court enter judgment in her favor, and against Clarity, for:

a.    Ms. Clark's actual damages, pursuant to 15 U.S.C. § 1681o(a)(1);

b.    Reasonable costs and attorneys' fees, pursuant to 15 U.S.C. § 1681o(a)(2); and,

c.    Such other relief that this Court deems just and proper.

### COUNT III
### WILLFUL VIOLATIONS OF THE FCRA, 15 U.S.C. § 1681g(a)(2)

67.    Ms. Clark adopts and incorporates paragraphs 1 - 57 as if fully stated herein.

68.    Clarity violated **15 U.S.C. § 1681g(a)(2)** when responding to Ms. Clark's request for her consumer disclosure by failing to clearly and accurately disclose to Ms. Clark the sources of information relied upon concerning information in her credit file.

69.     Clarity did not disclose the source(s) of the aforementioned false information contained in Ms. Clark's credit file.

70.     Clarity knowingly failed to disclose the source(s) of the information despite having such knowledge.

71.     Clarity knows, through complaints from other consumers, that it does not provide the source(s) of information as required by the FCRA, yet has declined to correct such omission on its reports.

72.     Clarity is thus liable to Ms. Clark, pursuant to 15 U.S.C. § 1681n, for the greater of Ms. Clark's actual damages and statutory damages of up to $1,000 for each occurrence, as well as for punitive damages, reasonable attorneys' fees, and costs.

**WHEREFORE,** Ms. Clark respectfully requests this Honorable Court enter judgment in her favor, and against Clarity, for:

a.     The greater of Ms. Clark's actual damages or statutory damages of $1,000 per violation, pursuant to 15 U.S.C. § 1681n(a)(1)(A), or in the alternative;

b.     Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

c.     Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3); and,

d.     Such other relief that this Court deems just and proper

**COUNT IV**
**NEGLIGENT VIOLATIONS OF THE FCRA, 15 U.S.C. § 1681g(a)(2)**
**(Pled in the Alternative to Count III)**

73.    Ms. Clark adopts and incorporates paragraphs 1 - 57 as if fully stated herein and pleads this count strictly in the alternative to Count III.

74.    Clarity failed to provide Ms. Clark with a clear and accurate consumer disclosure by not including the source(s) of information it relied upon concerning her credit file.

75.    Thus, Clarity negligently violated **15 U.S.C. § 1681g(a)(2)** by providing Ms. Clark with an inaccurate consumer disclosure and not providing the source(s) of information Clarity relied upon concerning her credit file.

76.    As such, Ms. Clark is entitled to her actual damages.

**WHEREFORE,** Ms. Clark respectfully requests this Honorable Court enter judgment in her favor, and against Clarity, for:

a.    Ms. Clark's actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

b.    Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and,

c.    Such other relief that this Court deems just and proper

**COUNT V**
**WILLFUL VIOLATIONS OF THE FCRA, 15 U.S.C. § 1681b(a)(3)**

77.    Ms. Clark adopts and incorporates paragraphs 1 - 57 as if fully stated herein.

78.    Clarity violated **15 U.S.C. § 1681b(a)(3)** when it furnished at least one report to Simple Fast Loans about Plaintiff in response to a request for a report on an unrelated individual with a different name, date of birth, and Social Security number.

79.    Clarity had no reason to believe it had permissible purpose to furnish these reports as there are essentially no commonalities between the consumer whom Simple Fast Loans requested reports on and Plaintiff.

80.    Clarity knows, through complaints from other consumers, that its automated systems often provide data about unrelated consumers in response to requests for reports by lenders.

81.    Clarity is thus liable to Ms. Clark, pursuant to 15 U.S.C. § 1681n, for the greater of Ms. Clark's actual damages and statutory damages of up to $1,000 for each occurrence, as well as for punitive damages, reasonable attorneys' fees, and costs.

**WHEREFORE,** Ms. Clark respectfully requests this Honorable Court enter judgment in her favor, and against Clarity, for:

a.  The greater of Ms. Clark's actual damages or statutory damages of $1,000 per violation, pursuant to 15 U.S.C. § 1681n(a)(1)(A);

b.  Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

c.  Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3); and,

d.  Such other relief that this Court deems just and proper

**COUNT VI**
**NEGLIGENT VIOLATIONS OF THE FCRA, 15 U.S.C. § 1681b(a)(3)**
**(Pled in the Alternative to Count V)**

82.    Ms. Clark adopts and incorporates paragraphs 1 - 57 as if fully stated herein and pleads this count strictly in the alternative to Count V.

83.    Clarity responded to two requests from Simple Fast Loans to provide a report on an individual not related to Plaintiff, and Clarity responded to Simple Fast Loans by providing a consumer report regarding Ms. Clark.

84.    Thus, Clarity negligently violated **15 U.S.C. § 1681b(a)(3)** when it furnished at least two (2) reports to Simple Fast Loans about Plaintiff in response to a request for a report on an unrelated individual with a different name, date of birth, and Social Security number.

85.    As such, Ms. Clark is entitled to her actual damages.

**WHEREFORE**, Ms. Clark respectfully requests this Honorable Court enter judgment in her favor, and against Clarity, for:

a.  Ms. Clark's actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

b.  Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and,

c.  Such other relief that this Court deems just and proper

## JURY TRIAL DEMANDED

Ms. Clark hereby demands a trial by jury on all issues so triable.

Respectfully submitted on  March 2, 2026, by:

**SERAPH LEGAL, P. A.**

/s/ *Christian E. Cok*
Christian E. Cok, Esq.
Florida Bar No.: 1032167
Tel: 813-567-1230 (ext. 307)
CCok@SeraphLegal.com
*Lead Attorney for Plaintiff*

/s/ *Thomas M. Bonan*
Thomas M. Bonan Esq.
Florida Bar No.: 118103
TBonan@SeraphLegal.com
*Attorney for Plaintiff*

**SERAPH LEGAL, P. A.**
3505 E Frontage Road, Suite 145
Tampa, FL 33607
Tel: 813-567-1230
Fax: 855-500-0705
*Counsel for Plaintiff*

## ATTACHED EXHIBIT LIST

A      Clarity's Consumer Report for Ms. Clark, December 29, 2025 – Excerpts